UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/2025

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Knight v. Islamic Republic of Iran, No. 18-cv-12398 (GBD)(SN)
    Rodriguez v. Islamic Republic of Iran, No. 18-cv-12347 (GBD)(SN)

Fourteen Plaintiffs seek partial final default judgments against the Islamic Republic of Iran ("Iran") for personal injuries sustained as a result of the 9/11 Attacks. See ECF Nos. 10849 (Knight), 10921 (Rodriguez).[1] The Court has reviewed the Knight and Rodriguez Plaintiffs' submissions and directs the parties as follows:

The claims of certain Knight and Rodriguez Plaintiffs raise liability issues that potentially expand the scope of eligible plaintiffs. By Friday, October 3, 2025, the Court requests that the Plaintiffs' Executive Committees (PECs) file a brief letter with their views on whether plaintiffs:

- who were in Lower Manhattan on September 11, 2001—but not at the World Trade Center—may recover personal injury damages for environmental exposure injuries sustained in the aftermath of 9/11 ("latent injuries") that did not result in the plaintiffs' deaths;

- who served as first responders at the Word Trade Center but arrived after September 11, 2001, may recover personal injury damages for latent injuries that did not result in the plaintiffs' deaths; and

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

- who were not at the World Trade Center on September 11, 2001, may recover personal injury damages for latent injuries (1) linked to debris from the World Trade Center attacks; (2) sustained at other sites, such as the Fresh Kills Landfill in Staten Island; and (3) that did not result in the plaintiffs' deaths.

Another way to think about the Court's inquiry is whether a plaintiff's eligibility for relief from latent injuries requires that the plaintiff died as a result of the injuries, or that the plaintiff developed the latent injuries due to exposure (1) on September 11, 2001, or (2) at the immediate location of the attacks. The PECs are encouraged to identify comparable plaintiffs who have previously been awarded judgments to assist the Court in its assessment. The Knight and Rodriguez Plaintiffs may also respond to the Court's inquiry by the same deadline.

Separately, the Court requests supplemental information in support of the partial final default judgment motion of Plaintiff Kary Seminerio. See ECF No. 10849 at 1; ECF No. 10851-7 (Seminerio Declaration). In particular, the Court requests additional information on (1) the working conditions at Fresh Kills Landfill, including the tools and protection that Seminerio used; (2) the time Seminerio spent at Fresh Kills on a daily and weekly basis; and (3) the management of the debris-processing operation at Fresh Kills.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     September 18, 2025
           New York, New York